# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### FRANKFORT

| | |
|---|---|
| **SHARON TERHUNE,** | CIVIL ACTION NO. 3:21-37-KKC |
| Plaintiff, | |
| v. | |
| **KILOLO KIJAKAZI,** **ACTING COMMISSIONER OF THE** **SOCIAL SECURITY ADMINISTRATION** | **OPINION AND ORDER** |
| Defendant. | |

**\*\* \*\* \*\* \*\* \*\***

This matter is before the Court on Plaintiff Sharon Terhune's motion for judgment on the pleadings (R. 15) and Defendant Commissioner of Social Security's motion for summary judgment (R. 19).  Terhune brought this action under 42 U.S.C. § 405(g) seeking judicial review of the denial of her claim for disability benefits. Having reviewed the record and the parties' arguments, the Court will grant Terhune's motion, deny the Commissioner's motion, and remand this case for further proceedings.

## STANDARD OF REVIEW

This Court's review of the Administrative Law Judge's (ALJ) decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 1157 (2019). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152–53 (1999).

To determine whether a claimant has a compensable disability under the Social Security Act, the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps are:

*Step 1*: If the claimant is doing substantial gainful activity, the claimant is not disabled.

*Step 2*: If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

*Step 3*: If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

*Step 4*: If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

*Step 5*: If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." 20 C.F.R. § 404.1520(a)(4).

In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* 20 C.F.R. § 404.1520(g)(1).

## PROCEDURAL HISTORY

On May 23, 2019, Plaintiff Sharone Terhune filed an application for a period of disability and disability insurance benefits, alleging a disability beginning on May 19, 2019. Her claim was initially denied on September 13, 2019, and again on reconsideration on October 25, 2019. A hearing was then held before an ALJ, and on May 22, 2020, the ALJ issued a decision concluding that Terhune is not disabled and denying her claim. In denying Terhune's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. 20 C.F.R. § 404.1520(a).

At step one, the ALJ determined that Terhune has not engaged in substantial gainful activity since May 15, 2019. (Administrative Record (AR) at 17.)

At step two, the ALJ determined that Tackett suffered from the following severe impairments: type II diabetes; coronary artery disease, with history of stenting; undifferentiated connective tissue disease; and fibromyalgia. (AR at 17–18.) The ALJ also found that has the following non-severe impairments: hyperlipidemia; hypertension; gastro-esophageal reflux disease; irritable bowel syndrome; vitamin D deficiency; depression; and anxiety. (AR at 17–18.)

At step three, the ALJ found that Terhune does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 19.)

Before proceeding to step four, the ALJ determined that Tackett has the residual functional capacity ("RFC") to perform a range of "light" work as defined in 20 CFR 404.1567(b). (AR at 20–22.) The ALJ determined that she can occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, or crawl; should avoid concentrated exposure to unprotected heights, moving machinery, extreme heat, extreme cold, and vibration. (AR at 20–22.)

At step four, the ALJ determined that Terhune is capable of perform her past relevant work as a human resource advisor, because that work does not require performance of work-related activities that are precluded by Terhune's RFC. (AR at 22.) Accordingly, the ALJ

determined that Terhune as not been under disability from May 15, 2019 to the date of the decision.

The ALJ's decision became the final decision of the Commissioner when on June 7, 2021, the Appeals Council subsequently denied Terhune's request for review. *See* 20 C.F.R. § 422.210(a). Terhune therefore has exhausted his administrative remedies and filed a timely appeal in this Court. The parties have filed dispositive motions and this case is now ripe for review under 42 U.S.C. § 405(g).

## ANALYSIS

Terhune argues that the ALJ committed reversible error by failing to properly evaluate the medical opinions of Chrystal Gilbert, APRN, and Citadel Isbisate, APRN. According to Terhune, the ALJ failed to provide an adequate explanation for his finding that their medical opinions were unsupported by objective medical findings in the administrative record. Terhune argues that the ALJ's failure to explain his finding as to the persuasiveness of their opinions precludes meaningful review of his decision, and she asks that his decision be vacated, and the matter remanded for further proceedings.

The Court agrees. In his decision, the ALJ failed to provide any explanation for his finding that Nurse Gilbert and Nurse Isbisate's opinions were unpersuasive. The Court is therefore unable to meaningfully review his decision, and the matter must be remanded accordingly.

## I.   Revised Regulations Are Applicable to This Case

Because Terhune applied for benefits after March 27, 2017, the case before the ALJ was governed by new regulations that differ substantially from prior regulations. *See, e.g.*, 20 C.F.R. § 404.1520(c) (2017); *see also Carrino v. Comm'r of Soc. Sec.*, 2021 WL 2895181, at *2–3 (E.D. Ky. July 9, 2021) (explaining the regulatory changes to the way medical source opinions are evaluated). Among changes relevant to this case, the Commissioner chose not to retain the "treating source rule," which required ALJs to give deference to a claimant's treating source opinion evidence. *Carrino*, 2021 WL 2895181, at *2 (citing 82 Fed. Reg. at 5853); *see also Martin v. Comm'r of Soc. Sec.*, 2021 WL 4097293, at *2–3 (W.D. Ky. Sep. 8,

2021) (describing the treating source rule). In evaluating claims filed March 27, 2017, or later, the agency "'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources.'" *Carrino*, 2021 WL 2895181, at *3 (quoting 20 C.F.R. § 404.1520c(a) (2017)).

While the ALJ must articulate their consideration of all medical opinions, the revised regulations that govern this case no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources (e.g., requirement that adjudicators must "give good reasons" for the weight given a treating source opinion). *Compare* 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) *with* 20 C.F.R. § 404.1520c(b) (2017). Rather, the ALJ evaluates the persuasiveness of a medical opinion using five factors: (1) supportability, (2) consistency (3) relationship with the claimant (which includes: (i) length of the treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship), (4) specialization, and (5) other factors. 20 C.F.R. § 404.1520c(a)–(c) (2017).

The ALJ must explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017). The ALJ must explain in their decision how persuasive they find a medical opinion, or a prior administrative medical finding based on these two factors. *Id.* The ALJ may, but is not required to, explain how they considered the other remaining factors. 20 C.F.R. § 404.1520c(b)(3) (2017).

## II.   The ALJ's Decision Fails to Provide a Sufficient Explanation of His Finding Regarding the Persuasiveness of Nurse Gilbert and Nurse Isbisate's Medical Opinions

Terhune argues that the ALJ failed to give any indication as to how Nurse Gilbert and Nurse Isbisate's opinions were inconsistent with the objective evidence in the record. Rather, Terhune argues, the ALJ provided only conclusory statements.

Because of the newness of the regulations, there is a dearth of caselaw concerning what constitutes a sufficient "explanation" of supportability and consistency under 20 C.F.R. § 404.1520c(b)(2). *Cooley v. Comm'r of Soc. Sec.*, 2021 WL 4221620, 2021 U.S. Dist. LEXIS 175260, at *18–19 (S.D. Miss. Sep. 15, 2021). But the measuring stick for an "adequate discussion" is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of his finding as to whether the particular medical opinion was supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009); *Pearson v. Comm'r of Soc. Sec.*, 2021 WL 3708047, 2021 U.S. Dist. LEXIS 155973, at *15 (S.D. Miss. Aug. 11, 2021), *report and recommendation adopted*, 2021 WL 3663073, 2021 U.S. Dist. LEXIS 155625 (S.D. Miss. Aug. 18, 2021) ("Most courts to address the issue appear to require the ALJ to provide a sufficient explanation of consistency and supportability to allow the court to undertake a meaningful review of whether his reasoning was supported by substantial evidence . . . and do not leave the Court to merely speculate about reasons behind the ALJ's persuasiveness finding or lack thereof.") (collecting cases). And "[a]lthough the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of his reasoning." *White v. Comm'r of Soc. Sec.*, 2021 WL 858662, 2021 U.S. Dist. LEXIS 43162, at *59 (N.D. Ohio Mar. 8, 2021). Whatever the ALJ's decision, they must provide reasons that "build an accurate and logical bridge between the evidence and the result." *Id.* at *58 (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)).

In his evaluation of the nurses' opinions, the ALJ's discussion of their consistency and supportability with objective medical findings consists of a single sentence, in which he states:

> Although consistent with the claimant's May 7, 2020 testimony, the undersigned Administrative Law Judge did not find these opinions to be supported by any objective medical findings in the record.

(AR at 22.) Thus, the ALJ's only discussion of the nurses' medical opinions was a brief statement that their opinions were not supported by *any* objective medical findings in the record. This falls far short of 20 C.F.R. § 404.1520c(b)(2)'s "explanation" demands.

The ALJ's explanation does not need to be lengthy, *e.g, Vaughn v. Comm'r of Soc. Sec.*, 2021 WL 3056108, 2021 U.S. Dist. LEXIS 134907, at *27 (W.D. Tenn. July 20, 2021) (finding a detailed three sentence explanation sufficient to be considered an explanation), but "the ALJ must do more than pay lip service to the regulation without *substantively* engaging with the supportability and consistency of medical opinions in any detail whatsoever." *Pearson*, 2021 U.S. Dist. LEXIS 155973, at *16 (citations omitted). Here, the ALJ's decision does not indicate what objective medical findings in the record he considered and does not explain how he considered other evidence in the record when making his determination. As set forth above, the ALJ completely failed to address the "consistency" of the nurses' opinions, instead only mentioning "supportability." But even the discussion of the "supportability" factor is devoid of any explanation for *why* the statements plucked from the record support a finding that the nurses' opinions are unsupported by the medical record. "In short, the 'logic bridge' between the cited medical evidence and the ALJ's finding that the opinion is unpersuasive is completely absent." *Kilby v. Kijakazi*, 2022 U.S. Dist. LEXIS 99902, at *11–12 (S.D. Tex. Mar. 15, 2022).

The Commissioner attempts to fill the ALJ's gap by arguing that the ALJ "discussed objective evidence that showed Plaintiff's cardiac condition was stable," "that showed Plaintiff was 'observed to walk with a normal gait' and had 'normal muscle strength' and balance," "that Plaintiff took nerve pain medication; there was no indication of a prescription for an opioid pain reliever or any more significant pain medication." (R. 19 at 6.) However, the Commissioner cites other portions of the ALJ's decision, not the portions related to the persuasiveness of the nurses' opinions. And at no point does the ALJ discuss how any of this evidence is inconsistent with those opinions. Merely reciting facts from the administrative record and then summarily concluding that two medical opinions are unpersuasive, while failing to provide any explanation of their consistency or supportability, is reversible legal error. *Pearson*, 2021 U.S. Dist. LEXIS 155973, at *16 (citing *Raymond M. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 32884, 2021 WL 706645, at *10 (N.D.N.Y. Feb. 22, 2021)) ("In other words, the ALJ cannot summarize the entire record and summarily conclude that, in light of that record, one medical opinion is persuasive and the other is not persuasive.").

– 7 –

The Commissioner also argues that "the opinions from these nurses were provided in response to prompts in check-box forms," and that "[a]n ALJ may find opinions to be not adequately supported, and therefore unpersuasive, when the opinions consist merely of a check-box form." (R. 19 at 8 (citing *Gladson v. Saul*, 2020 WL 6689196, 2020 U.S. Dist. LEXIS 211381, at *19–20 (E.D. Ky. Nov. 12, 2020).) This may be true, but it is irrelevant. If the ALJ found their opinions to be unpersuasive because they were in check-box form, he is still required to explain that reason. Nowhere does the ALJ state that the form of the opinions had any bearing on their persuasiveness. To the contrary, the only "reason" the ALJ gave for finding the nurses' opinions unpersuasive is that he found them to be unsupported by other evidence in the record. If the form of the opinions were the reason for his decision, he must say so—the Court will not speculate.

To be sure, the Court does not dispute that medical record evidence exists that *may* have played a role in the ALJ's determination that the nurses' medical opinions were unpersuasive. But it is neither the role of the Commissioner nor this Court to supply post hoc rationalizations for the ALJ's conclusions. *Ramirez v. Saul*, 2021 WL 2269473, 2021 U.S. Dist. LEXIS 104121, at *20 (W.D. Tex. June 3, 2021) (citing *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)).

Further, as Terhune points out, there is relevant evidence in the record that is consistent with the nurses' opinions. For example, Dr. Scott Lewis's treatment notes from February 2020 seem to be consistent with and support the nurses' opinions. (*See* AR at 340–44 (diagnosing Terhune with systemic lupus erythematosus with organ or system involvement, undifferentiated connective tissue disease, fibromyalgia syndrome, inflammatory polyarthropathy, and vitamin D deficiency).) While the Court does not reweigh evidence when reviewing the ALJ's decision, it does consider evidence that is contrary to the ALJ's conclusion in determining whether there was legal error below. And "if relevant evidence is not mentioned, the Court cannot discern whether the ALJ discounted or overlooked the evidence." *White*, 2021 U.S. Dist. LEXIS 43162, at *58. Here, the ALJ made no reference to Dr. Lewis's notes or any other evidence that might support the nurses' opinions, but simply states that their opinions were not supported or consistent with *any*

medical record evidence. Such a broad, sweeping conclusion without any explanation or citation to specific portions of the record leaves the Court unsure as to whether the ALJ discounted all the evidence in the record that was consistent with the nurses' opinions, or merely overlooked it.

Considering the ALJ's lack of discussion, the Court cannot discern how the ALJ determined Nurse Gilbert and Nurse Isbisate's opinions to be wholly inconsistent with the entire record. A district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer*, 774 F. Supp. 2d at 877. Here, the ALJ has failed to provide an explanation for his finding that the nurses' opinions were unpersuasive. Rather, the ALJ stated in conclusory fashion that *all* objective medical findings in the record do not support the nurses' opinions.

The Court cannot meaningfully review whether the ALJ's legal error in failing to properly address the supportability and consistency factors was harmless. "An ALJ's failure to follow procedural rules may be considered harmless error only when 'concrete factual and medical evidence' is 'apparent in the record' and shows that even if the ALJ had made the required findings, the ALJ would have found the claimant not disabled." *Anderson v. Comm'r of Soc. Sec.*, 2012 WL 3139777, 2012 U.S. Dist. LEXIS 106855, at *4 (W.D. Mich. Aug. 1, 2012) (citing *Rabbers*, 582 F.3d at 657–58). Had the ALJ correctly addressed the supportability and consistency of Nurse Gilbert and Nurse Isbisate opinions, he may have found them equally or more persuasive than other medical opinions. But because the ALJ failed to provide any explanation for why the objective medical findings in the record support his finding that their opinions are unpersuasive, "significant gaps exist in the ALJ's discussion of [the nurses' opinions] that leave this Court unable to build a 'logic bridge' between the evidence and his finding." *Cooley*, 2021 U.S. Dist. LEXIS 175260, at *22.

## CONCLUSION

Because the ALJ failed to provide any "logic bridge" for his findings regarding the persuasiveness of the nurses' medical opinions, the Court can only speculate as to what

conclusion the ALJ would have reached had he properly applied the supportability and consistency factors in his analysis. Accordingly, remand is required for the ALJ to sufficiently explain how he considered the supportability and consistency factors for those medical opinions. In addition, the Court urges on remand that the ALJ provide the "logic bridge" between the medical evidence and his opinions regarding the persuasiveness of each medical and consulting examiner opinion.

For these reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that:

(1) The plaintiff's motion for judgment on the pleadings (R. 15) is **GRANTED**;

(2) The Commissioner's motion for summary judgment (R. 19) is **DENIED**;

(3) The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion; and

(4) The Court will enter a separate final judgment pursuant to Federal Rule of Civil Procedure 58.

Dated July 22, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY